

**Chief Justice**
SCOTT BRISTER

**Justices**
SCOTT FIELD
APRIL FARRIS

**Clerk**
CHRISTOPHER A. PRINE

# Fifteenth Court of Appeals

P.O. Box 12852, AUSTIN, TEXAS 78711
www.txcourts.gov/15thcoa.aspx/
512-463-1610

April 17, 2025

Deborah Young,
Clerk of Court
Fourteenth Court of Appeals
301 Fannin, Room 245
Houston, Texas 77002
 * DELIVERED VIA E-MAIL *

  RE:   Court of Appeals Number: 14-25-00211-CV
        Trial Court Case Number:   2024-18660

Style:        Rich  Robins v. Commission for Lawyer Discipline d/b/a
              "Texas Bar" a/k/a "State Bar of Texas"

Dear Ms. Young:

        The Fourteenth Court of Appeals has informed this court of its intention to transfer this case to the Fifteenth Court of Appeals. This decision is based on the Appellant's statement in his notice of appeal, indicating that the appeal was intended for the Fifteenth Court. Consequently, the trial court clerk mistakenly assigned the case to the Fourteenth Court of Appeals. The Fifteenth Court of Appeals disagrees with the Fourteenth Court's recommendation for the transfer.

        Recent rulings from the Supreme Court of Texas clarify that a party's statement of intent to appeal to the Fifteenth Court of Appeals is insufficient to establish jurisdiction in this court. *See* Misc. Docket Orders 25-0913 and 25-9014 (Tex. 2025). A matter is properly filed in this court if it involves either (1) appeals or writs within this court's exclusive intermediate appellate jurisdiction, or (2) appeals transferred to this court for docket-equalization purposes by order of the Supreme Court of Texas. *Id*.

<span style="color:red">**EXHIBIT  A**</span>

The Fifteenth Court has exclusive intermediate jurisdiction over matters arising from or related to civil cases involving the state or a commission in the executive branch. Tex. Gov't Code § 22.220(d). This case does not appear to fall under our exclusive jurisdiction, as the Commission for Lawyer Discipline is part of the judiciary rather than the executive branch. Additionally, it does not involve a claim against an entity or party pertinent to the executive branch of the State of Texas.

The State Bar of Texas is a public corporation and an administrative agency of the judiciary. Tex. Gov't Code § 81.011. It is governed by a board of directors. Tex. Gov't Code § 81.020. However, the state bar operates under the administrative control of the Supreme Court of Texas. Tex. Gov't Code § 81.011(c). This chapter supports the judiciary's authority to regulate the practice of law. *Id*. § 81.011(b).

Attorneys fall under the disciplinary and disability jurisdiction of the Supreme Court of Texas and the Commission for Lawyer Discipline, a committee within the state bar. Tex. Gov't Code § 81.071. The Commission for Lawyer Discipline reports to the board, the Supreme Court, and annually to the legislature regarding the state of the attorney discipline system. Tex. Gov't Code § 81.076(h).

In his notice of appeal, Mr. Robins claims that this court has exclusive jurisdiction because he is challenging "the constitutionality or validity of certain state rules involving the attorney general." However, the notice of appeal does not specify the challenged rules or statutes. Section 22.220(d)(2) requires a challenge to "the constitutionality or validity of a state statute" and mandates that the attorney general be a party to the case. Tex. Gov't Code § 22.220(d)(2). There is no indication that the Attorney General of the State of Texas is involved in this matter.

Based on the reasons outlined above, the case should not be transferred to this court. Please let me know if you need any additional information

Sincerely,

_____
Christopher A. Prine, Clerk


cc:    Rich Robins (DELIVERED VIA EFILE TEXAS)
       Royce Lemoine (DELIVERED VIA EFILE TEXAS)